UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH THOMPSON-BONILLA, | No. C 05-1350 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| W. A. DUNCAN, warden, | |
| Respondent. _____/ | |

**INTRODUCTION**

Isaiah Thompson-Bonilla, an inmate at Kern Valley State Prison, filed this <u>pro se</u> action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He requested a stay and abeyance to exhaust his state court remedies. He now has moved to lift the stay and file an amended petition. His amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

Thompson-Bonilla reports in his amended petition that he was convicted following a bench trial in Alameda County Superior Court of three counts of robbery with use of a firearm and one count of possession of a firearm by a felon. He also was found to have suffered prior convictions. On May 17, 2002, he was sentenced to 45 years to life in prison. He appealed. The California Court of Appeal affirmed the conviction and the California Supreme Court denied the

United States District Court

For the Northern District of California

petition for review.  Thompson-Bonilla also filed a petition for writ of habeas corpus in state court before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The first claim in the amended petition is that Thompson-Bonilla's right to equal protection of the law was violated because African-Americans (a class of which he apparently is a member) have been intentionally and purposefully singled out for the harsher sentencing under California's Three Strikes law.  Liberally construed, the claim is not patently frivolous and warrants a response.  See United States v. Armstrong, 517 U.S. 456 (1996).

The second claim in the amended petition is that the state breached a plea agreement from a 1990 or 1992 conviction by using that conviction to increase his sentence under California's Three Strikes law, in violation of Thompson-Bonilla's rights under the Due Process Clause, the Equal Protection Clause, the Double Jeopardy Clause, and the Contract Clause of the U.S. Constitution.  The equal protection and double jeopardy contentions are meritless as to a recidivist statute such as California's Three Strikes law.  See Spencer v. Texas, 385 U.S. 554, 560 (1967); Jackson v. Nelson, 435 F.2d 553, 553 (9th Cir. 1971); see also United States v. Kaluna, 192 F.3d 1188, 1193, 1197-1200 (9th Cir. 1999) (en banc) (finding that federal "three-strikes statute's recidivist sentencing scheme" does not on its face violate Double Jeopardy Clause, separation of powers doctrine, Ex Post Facto Clause, or Eighth Amendment

United States District Court

For the Northern District of California

proportionality guarantee).  The challenge based on the Contract Clause of the federal constitution also must be dismissed because there is no Supreme Court authority for the proposition that the Contract Clause protects the right of an accused from having a conviction used to enhance a sentence on a subsequent conviction.  See Williams (Terry) v. Taylor, 529 U.S. 362, 412 (2000) (restricting source of federal habeas relief, under § 2254(d)(1), to decisions of the United States Supreme Court).  Liberally construed, Thompson-Bonilla's claim that his right to due process was violated because the 1990 or 1992 plea agreement was breached by the later use of that conviction for sentence enhancement purposes is not patently frivolous and warrants a response.  See Santobello v. New York, 404 U.S. 257 (1971) Buckley v. Terhune, 441 F.3d 688 (9th Cir. 2006) (en banc); Brown v. Poole, 337 F.3d 1155 (9th Cir. 2003).

Thompson-Bonilla also alleges that California's Three Strikes law violates provisions of the California Constitution. Those claims are dismissed without leave to amend because federal habeas relief is available only for violations of the "Constitution or laws or treaties of the United States" and is not available for state law violations.  28 U.S.C. § 2254(a); see Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (state law violations not cognizable on habeas).

**CONCLUSION**

For the foregoing reasons,

1.    The amended petition states two cognizable claims for habeas relief -- an equal protection claim based on selective prosecution under the Three Strikes Law and a due process claim based on a breach of the plea --  and warrants a response.

2.    The clerk shall serve by certified mail a copy of this order and all other documents in the file upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3.    Respondent must file and serve upon petitioner, on or before **September 8, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and

United States District Court
For the Northern District of California

3

that are relevant to a determination of the issues presented by the petition.

4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **October 13, 2006**.

5.     Petitioner's motion for leave to file the amended petition received on May 4, 2006 is GRANTED.  (Docket #9.)   The stay of proceedings that was imposed while petitioner exhausted his state court remedies is now lifted and the clerk shall reopen this action.  By permitting the filing of an amended petition and lifting the stay, the court does not intend to foreclose respondent from asserting any procedural defenses (e.g., unexhausted claims or untimeliness) if such defenses are warranted under the facts of this case.  The court notes that respondent has not yet been served with any documents in this action and therefore has not yet had an opportunity to raise procedural defenses to petitioner's claims.

IT IS SO ORDERED.

DATED:  June 26, 2006

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

4