1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                           NORTHERN DISTRICT OF CALIFORNIA

7

8    ISAIAH THOMPSON-BONILLA,                    No. C 05-1350 SI (pr)

9                Petitioner,                      **ORDER**

10          v.

11   W. A. DUNCAN, warden,

12                Respondent.
                                              /
13

14          Petitioner filed this action on April 4, 2005 and within a few weeks requested a stay of

15   proceedings so he could exhaust state court remedies as to some new claims he had discovered.

16   This action was stayed and administratively closed in June 2005.

17          On May 4, 2006, he filed a document entitled "first leave to amend habeas corpus;

18   pending stay and abeyance action," which the court construed as a motion to lift the stay and file

19   an amended petition that the court had received on May 4, 2006.  The court granted the motion

20   (docket # 9) and permitted the filing of the amended petition (docket # 11).  In its order to show

21   cause, the court identified two claims in the amended petition – i.e., an equal protection claim

22   regarding the application of the Three Strikes Law and a due process claim based on a breach

23   of a 1990 or 1992 plea agreement.  Respondent filed his answer on October 4, 2006 addressing

24   those two claims.   Petitioner filed his traverse on December 26, 2006 addressing those two

25   claims.

26          Meanwhile, as though proceeding on a separate track, petitioner submitted on November

27   16, 2006 an unsigned document entitled "Notice And 'Amended' Petition Following Lifting Of

28   Stay."   The proof of service indicates that the Notice was sent to the court but not to

United States District Court

For the Northern District of California

respondent's counsel.  Petitioner stated in the Notice that he moved "to amend his habeas petition to include the two (2) additional claims recently exhausted in state court proceedings." Notice, p. 2.  The Notice had seven claims in it, including the two claims that were in the amended petition (docket # 11) filed six months earlier.  Petitioner did not explain why he waited six months to submit a document that raised all his claims or explain why he had filed an amended petition that raised only two claims.  It may be that petitioner intended the Notice received by the court on November 16, 2006 to be a second amended petition that asserted all seven of his claims, although the court is not certain of that interpretation.  The confusion needs to be resolved so that this court and any reviewing court know how many claims need to be addressed.  Accordingly,

1.       Petitioner must file and serve on respondent's counsel any motion to amend and proposed second amended petition no later than **June 29, 2007.**  If petitioner wants the "Notice And 'Amended' Petition Following Lifting Of Stay,"to be considered as a second amended petition, he must file and serve a <u>signed</u> copy of it with a new cover page that specifically identifies it as a "Second Amended Petition."  He also must file and serve with it a motion to amend that explains why he did not file it until six months after the stay was lifted.  If petitioner does not file a motion to amend by the June 29, 2007 deadline, the court will interpret that to be an abandonment of all the claims mentioned in the Notice that were not included in the amended petition (docket # 11).

2.       Respondent must file and serve any opposition to a motion to amend no later than **August 3, 2007**.

The parties do <u>not</u> need to brief the merits of any of the claims at this point, as the court is only determining whether to permit the filing of a second amended petition.  If a second amended petition is permitted, the court will set a briefing schedule for an amended answer and amended traverse to address the claims.

IT IS SO ORDERED.

DATED: May 15, 2007

_____
SUSAN ILLSTON
United States District Judge