UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH THOMPSON-BONILLA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>W. A. DUNCAN, warden,<br><br>　　　　Respondent.<br>_____/ | No. C 05-1350 SI (pr)<br><br>**ORDER PERMITTING SECOND AMENDED PETITION AND SETTING BRIEFING SCHEDULE** |

　　　　Petitioner filed this action on April 4, 2005 and within a few weeks requested a stay of proceedings so he could exhaust state court remedies as to some new claims he had discovered. This action was stayed and administratively closed. On May 4, 2006, he filed a document entitled "first leave to amend habeas corpus; pending stay and abeyance action," which the court construed as a motion to lift the stay and file an amended petition that the court had received on May 4, 2006. The court granted the motion and permitted the filing of the amended petition. In its order to show cause, the court identified two claims in the amended petition – i.e., an equal protection claim regarding the application of the Three Strikes Law and a due process claim based on a breach of a 1990 or 1992 plea agreement. Respondent filed his answer and petitioner filed his traverse; both addressed only the two claims in the amended petition.

　　　　After respondent had filed his answer, petitioner moved to file a second amended petition that asserted seven claims: the two claims in his amended petition as well as the five claims in his original petition. He explained that the omission of the five original claims in the amended petition was due to his oversight and misunderstanding. Respondent opposed the motion to file a second amended petition.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." In keeping with the spirit of that rule, the court GRANTS petitioner's motion to amend. (Docket # 28.) Having reviewed the file, the court concludes that petitioner's failure to include all seven claims in his amended petition was excusable neglect. Although petitioner did include only two claims in his amended petition, his earlier filings suggest that he thought the court would consider his original five claims also as well as the two he was adding in his amended petition, see Bonilla letter filed Apr. 24, 2006 (docket # 8) (noting his need to amend and noting that his "initial arguments have been stayed in abeyance"), and "First Leave To Amend filed May 4, 2006 (docket # 9), p. 1 (moves for leave to amend to proceed "with the addition of the exhausted arguments herein"). The court will permit the filing of the second amended petition and will consider all seven claims therein.

The second amended petition contains these seven cognizable claims for relief: (1) the trial court's refusal to strike the prior conviction violated petitioner's rights under the 5th, 6th and 14th Amendments to the U.S. Constitution, (2) the sentence imposed is cruel and unusual punishment, (3) petitioner's confession was involuntary because it was the product of promises of leniency and made while petitioner was under the influence of crack cocaine, (4) petitioner's statement made before he was advised of his Miranda rights violated his rights under the 5th, 6th and 14th Amendment, (5) the eyewitness identifications were impermissibly suggestive and violated his rights to due process, fair trial and effective assistance of counsel, (6) petitioner's right to equal protection of the law was violated because African-Americans (a class of which he apparently is a member) have been intentionally and purposefully singled out for the harsher sentencing under California's Three Strikes law, and (7) the state breached a plea agreement from a 1990 or 1992 conviction by using that conviction to increase his sentence under California's Three Strikes law. The parties have already briefed claims 6 and 7; therefore the only claims that need further briefing are claims 1-5. The court now sets the following briefing schedule for a supplemental answer and supplemental traverse that address claims 1-5:

2

1. Respondent must file and serve his supplemental answer no later than **December 21, 2007**.

2. Petitioner must file and serve his supplemental traverse no later than **January 25, 2008**.

The clerk shall file the second amended petitioner received on July 3, 2007.

IT IS SO ORDERED.

DATED: November 13, 2007

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California